JIMMY FRANCE,                                    )
                                                 )
      Plaintiff/Appellant,          )
                                                 )     Davidson Chancery
                                                 )     No.  94-3278-III
VS.                                              )
                                                 )     Appeal No.
                                                 )     01-A-01-9508-CH-00335
CHRISTINE BRADLEY,                               )
COMMISSIONER OF DEPARTMENT OF )
CORRECTION, NED RAY                              )
MCWHERTER, GOVERNOR OF STATE )
OF TENNESSEE, CHARLES BURSON,       )
ATTORNEY GENERAL OF STATE OF      )
TENNESSEE, AND THE DEPARTMENT )
OF CORRECTION,                                   )
                                                 )
      Defendants/Appellees.          )

**FILED**

**Dec. 15, 1995**

**Cecil Crowson, Jr.**
Appellate Court Clerk

IN THE COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE


APPEAL FROM THE CHANCERY COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE


HONORABLE ROBERT S. BRANDT, CHANCELLOR


JIMMY FRANCE
222055 NECC
P.O. Box 5000
Mountain City, Tennessee  37683-5000
PLAINTIFF/APPELLANT/PRO SE


CHARLES W. BURSON
Attorney General and Reporter

EUGENE J. HONEA
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, Tennessee  37243-0493
FOR DEFENDANTS/APPELLEES

AFFIRMED AND REMANDED

                                HENRY F. TODD
                                PRESIDING JUDGE, MIDDLE SECTION


CONCUR:
SAMUEL L. LEWIS, JUDGE
BEN H. CANTRELL, JUDGE

JIMMY FRANCE,                      )

                                 )

     Plaintiff/Appellant,       )

                                 )     Davidson Chancery

                                 )     No.  94-3278-III

VS.                           )

                                 )     Appeal No.

                                 )     01-A-01-9508-CH-00335

CHRISTINE BRADLEY,          )

COMMISSIONER OF DEPARTMENT OF )

CORRECTION, NED RAY         )

MCWHERTER, GOVERNOR OF STATE )

OF TENNESSEE, CHARLES BURSON,  )

ATTORNEY GENERAL OF STATE OF   )

TENNESSEE, AND THE DEPARTMENT )

OF CORRECTION,             )

                                 )

     Defendants/Appellees.     )

## O P I N I O N

The captioned plaintiff has appealed from the judgment of the Trial Court dismissing his suit against the captioned defendants for a declaratory judgment and injunctive relief regarding the constitutionality of application of certain statutes to plaintiff and certain actions, practices and policies of the defendants.

Plaintiff's brief on appeal presents a single issue in the following form:

> Did the lower court err in failing to find a violation of appellant's rights under the fourteenth amendment to the United States Constitution and under Article I, Section 8 and Article XI, Section 8 of the Tennessee Constitution and in dismissing appellant's petition for declaratory judgment.

The judgment of the Trial Court reads as follows:

> In this suit the plaintiff, an inmate in the custody of the Tennessee Department of Correction, has filed suit claiming a constitutional right to be allowed to serve his sentence in a local jail and to receive certain credits. The plaintiff has no constitutional right to be allowed to serve his sentence at any particular place and has no constitutional right to sentence credits. Accordingly, his complaint is dismissed at plaintiff's costs.

The introduction to plaintiff's brief on appeal states:

> The Chancery Court made a finding that appellant was not constitutionally guaranteed a right to serve his sentence in any particular facility and had no constitutional right to receive any sentence reduction credits. However, this was not the claim made by appellant. Appellant's claim and the issue before this Court on appeal, is whether appellant's right of equal protection of the law is being violated by the unequal treatment in his ability to earn sentence reduction credits.

The substance of plaintiff's complaint is that a court in Cocke County sentenced him to six years in the custody of the Department of Correction; that he requested and was denied the opportunity to serve the sentence in the Cocke County Jail where he could earn eligibility for sentence reduction by engaging in work programs; that other prisoners were committed to the Cocke County Jail for more serious offenses, and that they earned eligibility for sentence reduction.

The complaint states that discriminatory assignment of places of confinement with differing opportunities for sentence reduction is unconstitutional.

It appears to this Court that plaintiff's demand for equal opportunity for sentence credits is inextricably included in the assignment to a place of incarceration.

Under the United States Constitution, it has been repeatedly held that a prisoner has no constitutional right to incarceration in a particular institution. *Olim v. Wakinekona,* 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Meachum v. Fano,* 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976).

Plaintiff cites no authority that the rule is otherwise under the Tennessee Constitution, and none is found by this Court.

A prisoner has no constitutional right to receive sentence credits. *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).

Petitioner cites no statute granting him a substantive right to confinement where sentence credits may be earned, and none is found by this Court.

It is well known that no two individuals are identical. This is especially true of persons incarcerated in correctional institutions. Each has a particular history of conduct and personality. Correction officials must have broad discretion in the assignment of inmates to available institutions. No right to a particular assignment can be enforced under such circumstances.

Plaintiff's complaint fails to state a claim for which relief can be granted. T.R.C.P. Rule 12.02(6).

The judgment of the Trial Court is affirmed. Costs of this appeal are taxed against the plaintiff. The cause is remanded to the Trial Court for any necessary further pleadings.

Affirmed and Remanded.

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

_____
SAMUEL L. LEWIS, JUDGE

_____
BEN H. CANTRELL, JUDGE