# IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE

THOMAS GERALD LANEY,          )
                                  )
      Plaintiff/Appellant,        )

                                  )      Davidson Chancery
                                  )      No. 96-1282-II
VS.                              )

                                  )      Appeal No.
                                  )      01A01-9703-CH-00142
DONAL CAMPBELL, Commissioner,   )
Tennessee Department of Correction,   )

                                  )
      Defendant/Appellee.       )

**FILED**

**July 18, 1997**

Cecil W. Crowson
**Appellate Court Clerk**

APPEAL FROM THE CHANCERY COURT FOR DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE CAROL L. McCOY, CHANCELLOR

For the Plaintiff/Appellant:             For the Defendant/Appellee:

Thomas Gerald Laney, Pro Se          John Knox Walkup
                                      Attorney General and Reporter

                                      John R. Miles
                                      Counsel for the State

## AFFIRMED AND REMANDED

WILLIAM C. KOCH, JR., JUDGE

# **O P I N I O N**

This appeal involves a dispute between a prisoner and the Department of Correction concerning the prisoner's right to earn prisoner sentence reduction credits while on death row. After the prisoner's sentence was reduced to life, the Department denied his request for credit for his educational activities while on death row. The Chancery Court for Davidson County denied the prisoner's petition for declaratory judgment, and the prisoner has appealed to this court. We affirm the trial court because we have determined that a prisoner is not entitled to receive sentence reduction credits for activities or conduct taking place when the prisoner was ineligible to earn credits.

## **I.**

Thomas Gerald Laney killed a Kingsport grocer during a gunfight at the grocer's home in October 1980. He was convicted of first degree murder and was sentenced to death in April 1981. The Tennessee Supreme Court later upheld his conviction and sentence. *State v. Laney,* 654 S.W.2d 383 (Tenn. 1983). First degree murder was a Class-X crime when Mr. Laney committed his offense, and, like all other prisoners who received the death penalty, Mr. Laney was classified as a maximum security prisoner when he was first incarcerated.

Mr. Laney was ineligible to earn sentence credits when he was first incarcerated because prisoners convicted of Class-X offenses were excluded from the program. This restriction was removed in 1983 for prisoners who signed a written waiver. Mr. Laney was assigned to an educational program in December 1985. In early 1986, he signed a written waiver in order to participate in the educational program, even though he understood that his death sentence prevented him from earning sentence reduction credits at that time. He claims he was told that he would receive credits for his participation if his death sentence was ever vacated.

The Criminal Court for Sullivan County vacated Mr. Laney's death sentence in 1994 and ordered a new sentencing hearing. On November 15, 1994,

Mr. Laney was sentenced to life imprisonment. He was terminated from the full-time educational program on December 8, 1994 and was transferred to the Morgan County Regional Correctional Facility. Mr. Laney became eligible to earn prisoner sentence reduction credits after receiving his life sentence and has been accruing these credits ever since he signed the required waiver.

Mr. Laney requested the Department to issue a declaratory order that he was entitled to 1,600 days of credit for his participation in full-time educational programs from March 1, 1986 through December 8, 1994 while he was still on death row. After the Department denied his request, Mr. Laney filed a petition for a declaratory ruling in the Chancery Court for Davidson County. The trial court dismissed the petition on November 13, 1996, on the ground that awarding prisoner sentence reduction credits is discretionary with the warden and that the warden did not abuse his discretion by declining to award Mr. Laney sentence credits for his activities while he was on death row.

## II.

Prisoners do not have a constitutional right to shorten their sentences by earning sentence reduction credits. *France v. Bradley,* 922 S.W.2d 118, 119 (Tenn. Ct. App. 1995); *State v. Phillips,* App. No. 01C01-9605-CR-00215, 1997 WL 254231, at *3 (Tenn. Crim. App. May 16, 1997) (No Tenn. R. App. P. 11 application filed). These credits are creatures of statute, and, therefore, the right to receive or accrue them rests on the rules and criteria contained in the statutes authorizing them. *Jones v. Reynolds,* App. No. 01A01-9510-CH-00484, 1997 WL 367661, at *3 (Tenn. Ct. App. July 2, 1997) (No Tenn. R. App. P. 11 application filed).

Prisoners who committed crimes prior to December 11, 1985 are not entitled to earn sentence reduction credits for participating in programs when they are statutorily ineligible to accrue credits. *See* Tenn. Code Ann. § 41-21-236(c)(3) (1990).[1] When Mr. Laney signed the PSRC waiver in 1986, Tenn. Code Ann. §

_____

[1]Tenn. Code Ann. § 41-21-236(c)(3) provides:

(continued...)

41-21-236(a)(7) provided that maximum security prisoners could not earn prisoner sentence reduction credits. Since Mr. Laney, like all other death row inmates, was a maximum security prisoner, he was ineligible to earn sentence reduction credits for the educational programs he participated in while on death row.

Mr. Laney also asserts that the Department was constitutionally required to award him these sentence reduction credits retroactively after his death sentence was vacated and replaced with a life sentence. He argues that the Department's failure to grant him these credits has increased his sentence by 1,600 days in violation of the Ex Post Facto Clauses in the state and federal constitutions. We disagree.

The Ex Post Facto Clauses in both U.S. Const. art. I, § 10, cl. 1 and Tenn. Const. art. I, § 11 prohibit the enactment of laws that retroactively disadvantage prisoners by increasing their punishment. *Lynce v. Mathis,* ___ U.S. ___, ___, 117 S. Ct. 891, 896-97 (1997); *California Dep't of Corrections v. Morales,* 514 U.S. 499, ___, 115 S. Ct. 1597, 1601 (1995); *State v. Ricci,* 914 S.W.2d 475, 480 (Tenn. 1996); *Kaylor v. Bradley,* 912 S.W.2d 728, 731-32 (Tenn. Ct. App. 1995). They prevent the enactment of laws that increase criminal punishments beyond those prescribed when the crime was committed.

When Mr. Laney murdered the grocer in Kingsport, persons convicted of Class-X crimes were not entitled to earn prisoner sentence credits. Even after that restriction was eased, persons classified as maximum security were still ineligible to earn sentence reduction credits. Thus, Mr. Laney did not become eligible to earn sentence reduction credits until November 15, 1994 when his death sentence was replaced by life imprisonment. He has been earning sentence credits ever

---

[1](...continued)
Any person who committed a felony, including any Class X felony, prior to December 11, 1985 may become eligible for the sentence reduction credits authorized by this section by signing a written waiver waiving his right to serve his sentence under the law in effect at the time his crime was committed. *However, sentence reduction credits authorized by this section may be awarded only for conduct and/or performance from and after the date a person becomes eligible under this subsection.* (emphasis added).

since November 1994, and the Department's refusal to award him additional credits retroactively for activities when he was ineligible to earn credits has not unconstitutionally lengthened his sentence. *See Henderson v. Lutche,* 938 S.W.2d 428, 430 (Tenn. Ct. App. 1996) (holding that a Class-X prisoner was not entitled to be awarded prisoner sentence reduction credits retroactively).

## III.

We affirm the dismissal of Mr. Laney's petition for a declaratory judgment and remand the case to the trial court for whatever further proceedings may be required. We also tax the costs of this appeal to Thomas Gerald Laney.

_____
WILLIAM C. KOCH, JR., JUDGE

CONCUR:

_____
HENRY F. TODD, P.J., M.S.

_____
SAMUEL L. LEWIS, JUDGE