IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 13, 2001

## STATE OF TENNESSEE v. PAUL R. PEARCY

**Direct Appeal from the Circuit Court for Decatur County**
**No. 99-CR-572     C. Creed McGinley, Circuit Judge**

---

**No. W2000-02867-CCA-R3-CD  - Filed August 14, 2001**

---

The defendant pled guilty to the Class E felony offense of possession of three and one-half pounds of marijuana with intent to manufacture, deliver or sell, and to the Class A misdemeanor of possession of unlawful drug paraphernalia. He now appeals his two-year sentence to the Department of Correction. The judgment of the trial court is affirmed.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

CORNELIA A. CLARK, SP. J., delivered the opinion of the court, in which JOE G. RILEY and NORMA MCGEE OGLE, JJ., joined.

Mike Mosier and Steve Beal, Attorneys for Defendant, Paul R. Pearcy.

Paul G. Summers, Attorney General, John H. Bledsoe, Assistant Attorney General, G. Robert Radford, District Attorney General, and Jerry W. Wallace, Assistant District Attorney General, Attorneys for the State of Tennessee.

### OPINION

Appellant Paul R. Pearcy was indicted by the Decatur County grand jury in October 1999 on one count of possession of marijuana, a Schedule VI controlled substance, a Class E felony, and one count of unlawful use of drug paraphernalia, a Class A misdemeanor. On May 17, 2000, appellant entered a plea of guilty to both offenses.

A sentencing hearing was conducted October 19, 2000. Both appellant and his wife testified. At the conclusion of the hearing the trial judge sentenced appellant to serve two years in the Department of Correction on the felony charge. On the misdemeanor charge he sentenced the appellant to serve eleven months twenty-nine days of confinement in the county jail, with supervised probation authorized after service of sixty days. The trial court ordered the sentences to run concurrently, creating an effective two year sentence to the Department of Correction.

When an accused challenges the length, range or the manner of service of a sentence, this court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. §40-35-401 (d). This presumption is, however, "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby*, 823 S.W. 2d 166, 169 (Tenn. 1991).

In conducting a de novo review of a sentence, this court must consider (a) the evidence, if any, received at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statements that the defendant made on his own behalf; and (g) the potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§40-35-102, -103, and -210; See *State v. Smith*, 735 S.W. 2d 859, 863 (Tenn. Crim. App. 1987).

If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and made findings of fact adequately supported by the record, then we may not modify this sentence even if we would have preferred a different result. *State v. Fletcher*, 805 S.W. 2d 785, 789 (Tenn. Crim. App. 1991).

In this appeal, appellant challenges only the manner of service of his sentence. As asserted in his brief:

> The defendant does not take issue with the length of the sentence imposed by the trial court in this matter. Further, the defendant does not seriously challenge the trial court's determination that he should serve the sentence in its entirety. The defendant does respectfully urge that the trial court's judgment that he serve the sentence in the Department of Correction was incorrect, under the particular facts and circumstances of his case.

He contends that his serious health problems require that he serve his sentence in the local jail, where his wife can visit daily and assist jailers in caring for him.

It is uncontroverted that the appellant has serious, chronic health problems. Appellant is diabetic and requires daily insulin shots. He has a gastric ulcer. At the time of the sentencing hearing he had just undergone heart surgery. He also has several orthopedic injuries stemming from a June 1999 automobile accident. According to appellant's wife, she must bathe him, cook for him, shave him, and perform all household services. The trial court found appellant's health to be a mitigating factor.

However, the trial court placed great weight on the one enhancement factor found - the existence of a prior criminal conviction for manufacture of marijuana.[1]  The court emphasized that the crime was similar in nature and not distant in time.  Even though the appellant had successfully completed his earlier community corrections sentence, the court found that commission of a second similar offense was evidence of failure to be rehabilitated.  Further, the court found that the amount of marijuana involved[2] also indicated a serious problem.  The trial court therefore found that presumption of eligibility for alternative sentencing was rebutted.  We agree.

A trial court has discretion to sentence a defendant to either a local jail or workhouse.  However, failure to do so does not constitute abuse of discretion.  A prisoner has no constitutional right to incarceration in a particular institution.  *France v. Bradley*, 922 S.W.2d 118, 119 (Tenn. App. 1998).  *E.g.* Tenn. Code Ann. §§40-35-306, 307, 314.  Health limitations, standing alone, do not merit alternative sentencing.  *See State v. Robert Hall Wayman*, No. E1999-02042-CCA-R3-CD, Loudon County (Tenn. Crim. App., Knoxville, April 9, 2001).  The trial court acted within its discretion.

The judgment of the trial court is affirmed.

_____
CORNELIA A. CLARK, SPECIAL JUDGE

---

[1] According to the presentence report, the prior conviction involved ten pounds of marijuana.

[2] The exact amount of marijuana seized was not identified during the sentencing hearing.  The indictment refers to 494.7 grams.  The officer's return on the search warrant indicated the seizure of three and one-half pounds.