IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 17, 2004

## STATE OF TENNESSEE v. IMMANUEL ELDRIDGE HARNEY

**Appeal from the Circuit Court for Giles County**
**No. 9664      Robert L. Jones, Judge**

_____

**No. M2003-03004-CCA-R3-CD - Filed January 12, 2005**

_____

The defendant, Immanuel Eldridge Harney, pled guilty to six counts of sale of one-half gram or more of cocaine, a Class B felony, and pursuant to a plea agreement, the Giles County Circuit Court sentenced him to twelve years incarceration for five of the counts and three years incarceration for the sixth count. The court ordered that the defendant serve one of his twelve-year sentences consecutively to the other four and that he also serve the three-year sentence consecutively to the five twelve-year sentences for an effective sentence of twenty-seven years in the Department of Correction (DOC). The defendant appeals from the Giles County Circuit Court order reducing his sentences by six months, claiming that the trial court abused its discretion in failing to grant him a greater reduction. The state appeals, contending that the trial court was without jurisdiction to reduce the defendant's sentence. We hold the trial court was without jurisdiction to reduce the defendant's sentence. We reverse the judgment of the trial court and remand the case for the entry of a corrected judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed, Case Remanded**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ALAN E. GLENN, JJ., joined.

Keith R. Peterson, Pulaski, Tennessee (on appeal) and Lucy D. Henson, Pulaski, Tennessee (at trial), for the appellant, Immanuel Eldridge Harney.

Paul G. Summers, Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; T. Michel Bottoms, District Attorney General; and Patrick S. Butler, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

This case relates to the defendant's selling cocaine. A Giles County Grand Jury indicted the defendant on thirteen counts: two counts of sale of one-half gram or more of cocaine, two counts

of delivery of one-half gram or more of cocaine, four counts of sale of one-half gram or more of cocaine in a school zone, four counts of delivery of more than one-half gram of cocaine in a school zone, and one count of facilitation of the sale of one-half gram or more of cocaine. As a result of plea negotiations, the defendant agreed to an effective sentence of twenty-seven years as a Range I, standard offender with a release eligibility date of 30%, and he pled guilty on September 25, 2001.

On February 6, 2002, the defendant filed a "Motion to Suppress the Giles County Sheriff Department to Turn Petitioner over to the Tennessee Department of Corrections." The defendant alleged that he was only receiving jail credit of six days per month as opposed to sixteen days if he were at a DOC facility. The trial court treated the motion as a motion for reduction of sentence pursuant to Rule 35, Tenn. R. Crim. P., and on April 18, 2002, Circuit Court Judge Hargrove entered the following order:

> After [] testimony of witnesses and statements and argument of defendants and counsel for both sides in this matter, this Court finds that there is no constitutional right under the United States Constitution or the State of Tennessee constitution, per se, for inmates to receive jail credits. France v. Bradley, 922 S.W.2d 118, (Ct. App. 1995). This court does, however, find that due to the disparity in the programs in the various county jails around the State of Tennessee, that in this instance, due to the lack of available programs in the Giles County Jail, there is a violation of equal protection.
> WHEREFORE, IT IS HEREBY ORDERED ADJU[D]GED AND DECREED that there is a violation of Equal Protection due to disparity in the credit programs in the various county jails in the State and the lack of credit programs in the Giles County Jail. The Sheriff shall make an effort to have these Department of Correction inmates now housed at the Giles County jail transferred to a Department of Correction Facility as soon as possible. This matter may be reviewed for compliance.

On July 23, 2002, Circuit Court Judge Jones entered an order addressing the defendant's Rule 35 motion stating,

> 1. That the Defendant's Rule 35 Motion is hereby denied on the basis that the defendant is bound by the plea agreement entered on August 14, 2001.
> 2. That the Court finds that at the time the plea agreement was taken that is was not anticipated that the Defendant would remain in the Giles County Jail for an extended period of time. The Court finds that if the Defendant, Immanuel Harney, is in the Giles County Jail

on September 25, 2002, then the Court may exercise its jurisdiction pursuant to TCA 40-35-212(d).

3. The Court further finds that the defendant may file a motion to be heard as to a sentence modification, and the Court stated it is inclined to amend the sentences to twelve (12) years running concurrent. The Court will conduct a hearing as to the reasons why this inmate has not been sent to the Tennessee Department of Corrections. The court will hear testimony from the Tennessee Department of Corrections as well as Sheriff Eddie Bass as to the reasons for delay in transporting this Defendant to the Tennessee Department of Corrections.

The Giles County Sheriff's Department did not transfer the defendant to the DOC until October 2, 2002, eight days after the trial court's deadline. On October 13, 2002, the defendant, pro se, filed a motion for reduction of his sentence "as directed by the Court." The defendant also filed a "Memorandum of Points and Authorities" requesting that the trial court reduce his sentence to twelve years by ordering all of his sentences to be served concurrently. After conducting a hearing on the defendant's motion, Judge Jones entered an order on October 8, 2003, reducing the defendant's effective sentence to twenty-six years and six months by modifying the defendant's sentence for count one regarding the sale of cocaine from twelve years to eleven years and six months. The defendant appeals, claiming the trial court abused its discretion by only reducing his sentence six months when "it was originally inclined to award a sentence reduction of fifteen years." The state claims, among other things, that the trial court erred in reducing the defendant's sentence by six months because it lost jurisdiction when the defendant was transferred to the custody of the DOC. We agree with the state.

T.C.A. § 40-35-212(d) provides that the trial court

> shall retain full jurisdiction over a defendant sentenced to the department during the time the defendant is being housed in a local jail or workhouse awaiting transfer to the department. Such jurisdiction shall continue until such time as the defendant is actually transferred to the physical custody of the department.

The record reflects that the defendant was transferred to the custody of the DOC on October 2, 2002. It also reflects that the trial court's order reducing the defendant's sentence by six months was entered on October 8, 2003. Because the trial court lost jurisdiction to modify the defendant's sentences on October 2, 2002, its order reducing the defendant's sentence by six months was a nullity. We reverse the judgment of the trial court and remand this case for the entry of a corrected judgment to reinstate the twelve-year sentence for count one.

_____
JOSEPH M. TIPTON, JUDGE