701 A.2d 974

VINCENT M. LORUSSO, PLAINTIFF–APPELLANT, v. STEVEN PINCHAK, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted October 20, 1997—Decided November 5, 1997.

Before Judges HAVEY, NEWMAN and COLLESTER.

*Vincent Lorusso*, appellant pro se.

*Peter Verniero*, Attorney General, attorney for respondent (*Joseph L. Yannotti*, Assistant Attorney General, of counsel; *Judith Lieberman*, Deputy Attorney General, on the brief).

The opinion of the court was delivered by

NEWMAN, J.A.D.

Inmate, Vincent M. Lorusso, appeals from the denial of retroactive work credits and wages for delay in assigning him to employ-

ment within East Jersey State Prison (prison). He contends that the resultant loss and denial of wages and work credits constitute a deprivation of his liberty and property interests. Lorusso was ultimately assigned to the cell maintenance program. He claims that he suffers from depression and attendant sleep disorder symptoms which interfered with his ability to work. He also contends that the interviewing psychiatrist did not take the requisite time to analyze his status and, as a result, he was deprived of an earlier work assignment.

The State, relying on *Sandin v. Conner*, 515 *U.S.* 472, 115 *S.Ct.* 2293, 132 *L.Ed.*2d 418 (1995), argues that the regulation of job assignments and worker credits does not impose a hardship on an inmate which is both (1) atypical, and (2) significant in relation to the ordinary incidents of prison life. The State contends, therefore, that work assignments are not liberty interests protected by the Due Process Clause.

We have carefully reviewed the record and agree with the State's position on this issue. While the prison must afford employment opportunities to inmates "in such productive occupations as are consistent with their health, strength and mental capacity," *N.J.S.A.* 30:4–92, inmates are not guaranteed work assignments.

*N.J.A.C.* 10A:9–3.4(c) provides that "[a]t the initial classification, the [Institutional Classification Committee] shall, subject to availability, assign an inmate to a program which *may* include (1) A work assignment[.]" (emphasis added). Furthermore, "Decisions on inmate work assignments shall be made by the Institutional Classification Committee (I.C.C.) based upon 1. Physical condition; 2. Mental and mechanical aptitudes; 3. Past work experience; 4. Occupational interests; 5. Vocational needs of the inmate; 6. Opportunities upon release; and 7. Availability of jobs within the correctional facility." *N.J.A.C.* 10A:9–3.8(a). The I.C.C. may determine that one or more of these facts militates against or

prohibits placing an inmate in a job assignment. Consequently, inmates entering prison have no concrete expectation of being given a job assignment. Also relevant is *N.J.A.C.* 10A:9–5.2(e), which does not apply work credits in cases where "an inmate does not work because of choice, unavailability of sufficient job assignments, medical lay-in (except for job related injuries), court remand, disciplinary lock-up or similar incapacity." Again, this regulation shows that work credits are not mandatory.

The hardship on the inmate must be both atypical and significant in relation to the ordinary incidents of prison life under the *Sandin* test. Work assignments do not satisfy either element because the inmate has no liberty interest in a particular, or any, job assignment, nor in the wages or credits that can be earned by performing a prison work assignment. *James v. Quinlan,* 866 *F.*2d 627, 629 (3d Cir.) (finding that prison inmates have no liberty or property interest in a job assignment under the constitution), *cert. denied,* 493 *U.S.* 870, 110 *S.Ct.* 197, 107 *L.Ed.*2d 151 (1989); *Bulger v. United States Bureau of Prisons,* 65 *F.*3d 48, 50 (5th Cir.1995) ("[prisoner's] termination from his [job assignment] did not impose an atypical and significant hardship on him in relation to the ordinary incidents of prison life"); *France v. Bradley,* 922 *S.W.*2d 118 (Tenn.App.1995) (prisoner had no constitutional right to assignment to a particular facility or the opportunity to earn work credits that would lead to sentence reduction). To be sure, the inmate was not deprived of his freedom within the institution, nor was his term of incarceration extended.

Plaintiff also contends that his equal protection rights have been violated in that other prisoners have received benefits under the work credit program which he did not. Plaintiff fails to identify any other specific prisoners or the "benefits" that they received. Accordingly, no support exists for plaintiff's argument.

We, therefore, affirm the final decision of the Department of Corrections rejecting the retroactive salary credits and wages that the inmate claims he could have earned by working.

Affirmed.