743 A.2d 376 (2000)
327 N.J. Super. 369
Abu MUHAMMAD, Plaintiff-Appellant,
v.
Karen BALICKI, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Submitted January 4, 2000.
Decided January 19, 2000.
*377 Abu Muhammad, plaintiff-appellant pro se.
John J. Farmer, Jr., Attorney General, attorney for defendant-respondent (Nancy Kaplen, Assistant Attorney General, of counsel; Andrew R. Sapolnick, Deputy Attorney General, on the brief).
Before Judges PRESSLER, CIANCIA and ARNOLD.
The opinion of the court was delivered by ARNOLD, J.S.C. (temporarily assigned)
Appellant Abu Muhammad is a prisoner in the custody of the New Jersey Department of Corrections. He is incarcerated at Southern State Correctional Facility in Delmont, New Jersey, serving a life sentence pursuant to a 1976 conviction for first-degree murder.
On March 10, 1999, pursuant to N.J.S.C. 10A:9-3.5a, the prison's Classification Committee reviewed appellant's institutional record and denied him reduced custody status. On March 24, 1999, the Committee denied his request for a "variance" from the eligibility guidelines. Appellant contends on appeal that the Classification Committee's decision denying him reduced custody status must be reversed because he had been accorded the privilege of reduced custody status pursuant to a prior prison regulation. He contends that a new regulation denying him such reduced custody status is an "ex post facto" regulation which should not apply to him. We disagree and affirm the decision of the Classification Committee.
Briefly, the material facts are as follows. In 1976, appellant was convicted of first-degree murder and sentenced to a life sentence. He attempted to escape from custody in September 1976. In 1983, he did escape from custody and was convicted of escape. He was sentenced on the escape conviction to a five year sentence consecutive to the life sentence.
Appellant contends, and respondent Chairperson of the Classification Committee does not dispute, that in 1993 he was placed on reduced custody status. We understand that reduced custody status enables a prisoner to enjoy more mobility and less supervision in the prison than the general prison population. In 1993 and until 1997, the relevant regulation, N.J.A.C. 10A:9-4.8(e) provided as follows:
An inmate who presently is serving a sentence for escape or attempted escape from any type of correctional facility or setting and who has a previous adult conviction for escape or attempted escape from any type of correctional facility or setting, is not eligible to be considered for any type of reduced custody.
Appellant contends that he was not barred from enjoying reduced custody status between 1993 and 1999 because he was not then serving a sentence for escape as set forth in the regulation. However, in 1997 N.J.A.C. 10A:9-4.8(e) was amended to read as follows:

*378 An inmate who has two instances of escape or attempted escape or a combination of either through convictions or prohibited acts is not eligible to be considered for any type of reduced custody.
Pursuant to the amended regulation, appellant did not receive reduced custody status in 1999. Significantly, defendant does not allege the loss of any good-time credits accumulated as a result of his reduced custody status between 1993 and 1999. However, he contends that the amended regulation is "ex post facto" as applied to him. He appeals the Classification Committee's decision denying him such status and its denial of his request for a "variance" pursuant to N.J.A.C. 10A:9-4.5(e) from the eligibility regulation, N.J.A.C. 10A:9-4.8(e).
We hold that appellant has no liberty interest in being classified in accordance with the earlier regulation. In Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), the United States Supreme Court held that a change in a prisoner's conditions of confinement does not trigger the need for due process safeguards unless the change imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484, 115 S.Ct. at 2300, 132 L.Ed.2d at 430. New Jersey follows the Sandin test in circumstances involving a change in custody status. See Blyther v. New Jersey Dep't of Corrections, 322 N.J.Super. 56, 730 A.2d 396 (App.Div.), certif. denied, 162 N.J. 196, 743 A.2d 848 (1999); Lorusso v. Pinchak, 305 N.J.Super. 117, 701 A.2d 974 (App.Div. 1997). The Sandin test applies to changes in prison regulations. Cosco v. Uphoff, 195 F.3d 1221 (10th Cir.1999). While the "atypical and significant hardship" standard of Sandin may be difficult to define, see, e.g. Sealey v. Giltner, 197 F.3d 578 (2d Cir.1999), it is clear to us that the loss of enjoyment of greater mobility than that accorded to the general prison population, less supervision and eligibility for more good-time credits do not fall within that standard and do not implicate the ex post facto clauses of the federal and state Constitutions. See White v. Fauver, 219 N.J.Super. 170, 530 A.2d 37 (App.Div.1987) (finding no constitutionally protected liberty interest in reduced custody status). Furthermore, we find no abuse of discretion in the Classification Committee's decision not to grant a "variance" from the current regulation which specifically bars appellant from enjoying reduced custody status.
The decision of the Classification Committee is affirmed.