NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4784-14T2

U'BAY LUMUMBA,

 Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

 Respondent.

_____________________________

 Submitted February 1, 2017 – Decided April 5, 2017

 Before Judges Fuentes and Gooden Brown.

 On appeal from the New Jersey Department of
 Corrections.

 U'Bay Lumumba, appellant pro se.

 Christopher S. Porrino, Attorney General,
 attorney for respondent (Lisa A. Puglisi,
 Assistant Attorney General, of counsel; Kevin
 J. Dronson, Deputy Attorney General, on the
 brief).

PER CURIAM

 Appellant U'Bay Lumumba, a New Jersey State Prison (NJSP)

inmate, appeals from the January 20, 2015 final agency decision

of the Department of Corrections (DOC). DOC denied appellant's
request for free photocopying of his legal materials pursuant to

N.J.A.C. 10A:6-2.6 based on its determination that appellant did

not qualify as indigent as defined in N.J.A.C. 10A:1-2.2. As a

result, DOC made loans to appellant's inmate trust account (inmate

account) to cover his expenses. Having considered the record on

appeal and the applicable legal principles, we affirm DOC’s

determination that appellant does not qualify as indigent and must

therefore repay DOC for loans made to his inmate account.

 We discern the following facts from the record. Appellant

is serving an aggregate life sentence with a thirty-five year

period of parole ineligibility for murder, aggravated assault,

robbery, and weapons offenses. During his incarceration,

appellant was found guilty of fifty-two infractions, eighteen of

which were adjudicated since 2011. These infractions included

disruptive conduct, attempts to offer staff members bribes, misuse

of electronic equipment, possession of unauthorized security

equipment and drug related charges. Appellant's extensive history

of disciplinary infractions resulted in his placement in

administrative segregation from 2011 to 2015.1

1
 In his reply brief, appellant references our decision reversing
and remanding for a rehearing a June 18, 2014 DOC decision finding
appellant guilty of sixteen disciplinary infractions. Lumumba v.
N.J. Dept. of Corr., No. A-5183-13 (App. Div. January 4, 2016)(slip
op. at 1). Appellant asserts that following the rehearing, he was

 2 A-4784-14T2
 On June 16, 2014, appellant submitted an Inmate Inquiry Form

regarding his "outstanding legal copy loan." Appellant asserted

that because of his administrative segregation classification, he

could not earn wages and DOC should therefore provide him with

free photocopying services for his legal materials pursuant to

N.J.A.C. 10A:6-2.6. In response to appellant's inquiry, a NJSP

staff member advised appellant that, pursuant to N.J.A.C. 10A:1-

2.2, DOC grants indigent status only to inmates who are unable to

earn wages "due to prolonged illness or any other uncontrollable

circumstance, and who [have] been verified as having no outside

source from which to obtain funds."

 On June 27, 2014, appellant filed an Inmate Grievance

reiterating his original assertion and adding that he did not have

any outside source of income. On July 9, 2014, appellant received

a second staff response denying him indigent status. On July 24,

2014, appellant filed an administrative appeal, requesting that

the "legal copy loan" he incurred since November 2011 "be

"adjudicated not guilty on eight [of the disciplinary charges]."
Statements in a brief, however, do not provide an evidential record
upon which we may properly rely in rendering a decision. See,
e.g., Rudbart v. Bd. of Review, 339 N.J. Super. 118, 122-23 (App.
Div. 2001) (noting that "[c]ounsel's insertion in his appellate
brief of facts outside the record below is inappropriate.").
Nonetheless, since the decision under appeal predated the
rehearing, consideration of the latter cannot possibly factor into
the former.

 3 A-4784-14T2
rescinded" to reflect his indigent status as articulated in his

grievance.

 On July 25, 2014, a NJSP Administrator denied appellant's

appeal on the ground that his placement in administrative

segregation was not an uncontrollable circumstance because he

"committed an offense" which resulted in his placement. The

Administrator concluded that, as a result, appellant "may not be

considered indigent." On August 8, 2014, appellant appealed the

denial to the DOC Commissioner, requesting that the Commissioner

"instruct the NJSP Administration . . . to comply with the

governing regulation[,]" and find appellant indigent and thereby

exempt from paying for copies of legal materials. Appellant's

appeal to the Commissioner was denied on January 20, 2015 on the

ground that appellant did not qualify as an indigent inmate under

N.J.A.C. 10A:1-2.2 as his inability to work resulted from his

placement in administrative segregation "due to inappropriate

behavior," rather than an uncontrollable circumstance. This

appeal followed.

 Our role in reviewing an administrative agency decision is

limited. Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186,

190 (App. Div. 2010); In re Taylor, 158 N.J. 644, 656 (1999). Such

decisions carry with them a "presumption of reasonableness[,]"

Lisowski v. Borough of Avalon, 442 N.J. Super. 304, 330 (App. Div.

 4 A-4784-14T2
2015), certif. denied, __ N.J. __ (2016) (citation omitted), and

will be disturbed only if it is "arbitrary, capricious, or

unreasonable or it is not supported by substantial credible

evidence in the record as a whole." Henry v. Rahway State Prison,

81 N.J. 571, 579-80 (1980). "The burden of demonstrating that the

agency action was arbitrary, capricious or unreasonable rests on

the [party] challenging the administrative action." In re Arenas,

385 N.J. Super. 440, 443-44 (App. Div.), certif. denied, 188 N.J.

219 (2006).

 To determine whether an agency action is arbitrary,

capricious, or unreasonable, we consider:

 (1) whether the agency's action violates
 express or implied legislative policies, that
 is, did the agency follow the law; (2) whether
 the record contains substantial evidence to
 support the findings on which the agency based
 its action; and (3) whether in applying the
 legislative policies to the facts, the agency
 clearly erred in reaching a conclusion that
 could not reasonably have been made on a
 showing of the relevant factors.

 [In re Carter, 191 N.J. 474, 482 (2007)
 (quoting Mazza v. Bd. of Trs., 143 N.J. 22,
 25 (1995)).]

We are not "relegated to a mere rubber-stamp of agency action,"

but rather "are constrained to engage in a 'careful and principled

consideration of the agency record and findings.'" Williams v.

 5 A-4784-14T2
Dep't of Corr., 330 N.J. Super. 197, 204 (App. Div. 2000)

(citations omitted).

 We defer to the agency's interpretation of regulations that

are "within its implementing and enforcing responsibility[.]"

Utley v. Bd. of Review, 194 N.J. 534, 551 (2008) (quoting In re

Appeal by Progressive Cas. Ins. Co., 307 N.J. Super. 93, 102 (App.

Div. 1997)). However, we are "in no way bound by the agency's

. . . determination of a strictly legal issue." Mayflower Sec.

Co. v. Bureau of Sec., 64 N.J. 85, 93 (1973). Thus, we may

intervene when an agency's decision rests upon a misinterpretation

of a regulation. Mazza, supra, 143 N.J. at 25.

 On appeal, appellant contends that he qualifies as indigent

as defined in N.J.A.C. 10A:1-2.2 and DOC's adverse decision was

arbitrary, capricious, and unreasonable. Specifically, appellant

argues that DOC violated N.J.S.A. 30:4-92, N.J.A.C. 10A:5-3.16,

and the NJSP Inmate Handbook (Inmate Handbook) by improperly

denying him work opportunities because of his placement in

administrative segregation, a circumstance he could not control.

We disagree.

 N.J.A.C. 10A:1-2.2 defines an indigent inmate as one "who has

no funds in his or her [inmate] account and is not able to earn

inmate wages due to prolonged illness or any other uncontrollable

circumstances, and who has been verified as having no outside

 6 A-4784-14T2
source from which to obtain funds." While N.J.A.C. 10A:6-2.5(a)

requires DOC to "provide photocopies of legal material2 . . . to

inmates at the rate of $.10 per page,"3 under N.J.A.C. 10A:6-

2.6(a), DOC is required to provide these materials "at no charge"

to an indigent inmate as defined in N.J.A.C. 10A:1-2.2.

 DOC determined that appellant does not qualify as indigent

pursuant to N.J.A.C. 10A:1-2.2 because his placement in

administrative segregation was not an uncontrollable circumstance

and could have been avoided if appellant complied with DOC rules.

However, appellant counters that it was DOC's noncompliance with

N.J.S.A. 30:4-92, N.J.A.C. 10A:5-3.16, and the Inmate Handbook

that deprived him of work opportunities while in administrative

segregation, a circumstance he could not control.

 Administrative segregation, as defined in N.J.A.C. 10A:1-2.2,

is the "removal of an inmate from the general population of a

correctional facility to a close custody unit because of one or

more disciplinary infractions." N.J.S.A. 30:4-92 provides:

 [I]nmates of all correctional . . .
 institutions . . . shall be employed in

2
 N.J.A.C. 10A:1-2.2 defines legal material as "papers or documents
that are required to be filed with the court and served upon
opposing parties."
3
 N.J.A.C. 10A:6-2.7(h) authorizes DOC to deduct payment for
photocopying legal materials directly from a non-indigent inmate's
account.

 7 A-4784-14T2
 productive occupations consistent with their
 health, strength, and mental capacity and
 shall receive . . . compensation . . . in the
 form of cash . . . or remission of time from
 sentence or both.4

However, inmates are not guaranteed work assignments and it is

within DOC's discretion to determine whether to grant an inmate

in administrative segregation the opportunity to work and earn

wages. See Lorusso v. Pinchak, 305 N.J. Super. 117, 118-19 (App.

Div. 1997) (explaining that an inmate "has no liberty interest in

a particular, or any, job assignment, nor in the wages or credits

that can be earned by performing a prison work assignment.").

 N.J.A.C. 10A:5-3.16 provides that “[w]ork opportunities may

be made available to inmates assigned to an Administrative Close

Supervision Unit to the extent possible in accordance with security

considerations, limited resources, availability of physical

facilities, and budgetary constraints.”5 Thus, contrary to

appellant's assertion, DOC has not violated the law by limiting

work opportunities to certain categories of inmates, but rather

utilized its discretion in determining when these opportunities

would be made available and to whom. Indeed, appellant admits

4
 N.J.S.A. 30:4-92 was amended effective August 1, 2016. However,
the amendments do not affect the arguments in this appeal.
5
 The section of the inmate handbook relied on by appellant to
support his argument merely recites the type of work detail
available to administrative segregation inmates.

 8 A-4784-14T2
that, in the past, while in administrative segregation, DOC granted

him work opportunities. DOC's subsequent decision to deny

appellant work opportunities while in administrative segregation

based on "security considerations, limited resources, availability

of physical facilities, and budgetary constraints[]" does not

constitute an abuse of discretion. Ibid.

 We are mindful that the Department has "broad discretionary

powers" to promulgate regulations governing correctional

facilities. Jenkins v. Fauver, 108 N.J. 239, 252 (1987). We have

noted that "[p]risons are dangerous places, and the courts must

afford appropriate deference and flexibility to administrators

trying to manage this volatile environment." Russo v. N.J. Dep't

of Corr., 324 N.J. Super. 576, 584 (App. Div. 1999). As explained

by the Administrator, appellant's inability to work was due to his

administrative segregation, a circumstance within his control

since his segregation was a direct result of his failure to comply

with DOC rules and regulations. However, administrative

segregation is a temporary placement, which will not limit

appellant’s future ability to earn wages upon return to the general

population.6

6
 Indeed, while not a part of the official record, appellant
submitted with his reply brief a September 17, 2015 Special
Administrative Segregation Review Committee Decision and a May 11,

 9 A-4784-14T2
 Although we find no merit to appellant's contention, we are

obliged to stress that prisoner appeals should be carefully

monitored to ensure that disciplinary sanctions do not undermine

an inmate's due process right to seek appellate review. Access

to appellate review should not be impeded by the very sanction the

inmate seeks to appeal. See McDonald v. Pinchak, 139 N.J. 188,

192-196 (1995); Meija v. N.J. Dep't of Corrs., 446 N.J. Super.

369, 372 (App. Div. 2016).

 Affirmed.

2016 Management Control Unit Review Committee Decision indicating
that appellant was removed from administrative segregation in 2015
and returned to the general population in 2016.

 10 A-4784-14T2