**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2455-18T3

LESTER ALFORD,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

           Submitted November 9, 2020 – Decided February 3, 2021

           Before Judges Messano and Hoffman.

           On appeal from the New Jersey Department of Corrections.

           Lester Alford, appellant pro se.

           Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Suzanne Davies, Deputy Attorney General, on the brief).

PER CURIAM

Lester Alford, an inmate at New Jersey State Prison in Trenton, appeals from the Department of Corrections (DOC) decision denying him back pay and work credits, after his housing and work assignments were changed in response to security concerns. In a prior appeal in this matter, we concluded the record lacked "sufficient documentation to perform a meaningful review of the DOC's decision". Alford v. N.J. Dep't of Corr., No. A-4959-15 (App. Div. April 17, 2018) (slip op. at 5). We therefore vacated and remanded, with instructions for the DOC to "address Alford's arguments regarding his claimed entitlement to reinstatement to his prior work assignment, back pay, and work time credits." Id. at 6.

On December 12, 2018, the DOC issued a written Remand Response addressing Alford's arguments and again denying his request for relief. Alford appealed, arguing the DOC denied him "due process" and "fairness throughout the process." We affirm.

I

From February 16, to May 17, 2016, Alford's housing and work assignments were located on North Unit 2A, where he worked as a barber seven days a week and earned $2.50 per day. On May 17, 2016, Alford was removed from his general population housing unit on Unit 2A, in the North compound,

and placed in TCC (temporary closed custody) with several other inmates, at the request of the Administrator, due to security concerns. The next day, Alford's housing assignment was changed to the West 1 Unit. Because there was no available barber position on West 1 Unit, Alford was assigned to Cell Sanitation, which paid him $1.40 a day. On July 11, 2016, within two months of his housing reassignment, Alford was assigned a barber position on his new housing unit.

Following remand, the DOC reconsidered Alford's request, and again denied him back pay and work credits. In its Remand Response, the DOC explained that Alford and several other inmates were removed from the North Unit and placed on TCC at the discretion of the DOC, pursuant to N.J.A.C. 10A:5-7.1, because of security concerns that implicated Alford and certain other inmates. Alford was not the subject of a disciplinary charge nor was he "removed from [his] unit for punitive reasons." The DOC further explained that Alford and the other inmates placed on TCC status were then "moved to another general population housing unit, based on the operational needs and availability in the institution." Because Afford was not removed from his work assignment based on a disciplinary charge, the DOC concluded he was not entitled to back pay or work credits.

II

A-2455-18T3

Our review of administrative actions is "severely limited." George Harms Constr. Co. v. N.J. Tpk. Auth., 137 N.J. 8, 27 (1994) (citation omitted). Accordingly, "our role is limited to determining: (1) whether the agency's decision conforms with relevant law; (2) whether the decision is supported by substantial credible evidence in the record; and (3) whether, in applying the law to the facts, the administrative agency clearly erred in reaching its conclusion." Conley v. Dep't of Corrections, 452 N.J. Super. 605, 613 (App. Div. 2018) (citing In re Stallworth, 208 N.J. 182, 194 (2011)).

Alford argues that N.J.A.C. 10A:13-4.2 and the DOC Inmate Handbook provide for him to receive back pay and work credits because he was not the subject of an institutional infraction nor did he create the problem that resulted in his removal from his job. We disagree.

Even though an inmate does not have a liberty interest in a particular work assignment, under N.J.A.C. 10A:13-4.2(d), an inmate is entitled to back pay and work credits when he cannot report to work as "a result of an issue or incident that is beyond their control, such as but not limited to, weather-related conditions, staff or equipment unavailability, or when reduced activities or a lockdown has been declared." Further, under N.J.A.C. 10A:13-4.2(e), an inmate is entitled to back pay and work credits for any days missed from work in those

cases where the inmate is withheld from work pending a disciplinary hearing adjudication that results in a not guilty decision. None of those scenarios occurred here as Alford was not removed from the North compound and his barber position as the result of a disciplinary charge where he was later found not guilty. Instead, due to security concerns, the DOC removed Alford and several other inmates from the North Unit and placed them in TCC to protect the security and control of the prison.

Alford's argument on appeal assumes that an inmate's work assignment cannot be changed or rescinded absent misconduct. To the contrary, it is well settled that inmates do not have a liberty interest in any particular job or wage that can be earned by performing a prison work assignment. Lorusso v. Pinchak, 305 N.J. Super. 117, 119 (App. Div. 1997) (citing James v. Quinlan, 866 F.2d 627, 629 (3d Cir. 1989)). Because of the unique circumstances that attend the administration of prisons, the classification of inmates, including the type of prison job they may be assigned, is left to the sound discretion of the DOC. Jenkins v. Fauver, 108 N.J. 239, 253 (1987). The desires of inmates for particular assignments, even if reasonable, "cannot always be equated with constitutionally-protected liberty interests." Ibid. "To obtain a protected right," an inmate must have "a legitimate claim of entitlement," not just "a unilateral

5

expectation." White v. Fauver, 219 N.J. Super. 170, 179-80 (App. Div. 1987). Because Alford had no liberty interest in remaining in a particular prison work assignment, the modification of his assignment did not provide him a basis for asserting a viable claim for relief.

Alford also places mistaken reliance on the DOC Inmate Handbook, which states, "Upon release from close custody an inmate who is found not guilty will be returned to his current job assignment, and resume being paid at his current rate." This provision likewise has no application in this case as Alworth was not charged with any infractions.

In summary, Afford is not entitled to back pay or work credits under N.J.A.C. 10A:13-4.2(d) and (e) or the Inmate Handbook because he was removed from his work assignment due to security concerns. We find no basis to disturb the decision denying Alford's claim for back pay and work credits.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2455-18T3