**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3329-19

LUIS A. TORRES,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted October 25, 2021 – Decided November 8, 2021

Before Judges Sabatino and Mayer.

On appeal from the New Jersey Department of Corrections.

Luis A. Torres, appellant pro se.

Andrew J. Bruck, Acting Attorney General, attorney for respondent (Donna Arons, Assistant Attorney General, of counsel; Christopher C. Josephson, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Luis A. Torres, an inmate at East Jersey State Prison, appeals from a February 6, 2020 final agency decision issued by respondent New Jersey Department of Corrections (DOC) affirming his removal from a prison work assignment. We affirm.

Between February 8, 2017 and August 28, 2019, Torres held a five-day work week assignment as a clerk in the prison's Commissary. On August 27, 2019, the Institutional Classification Committee ("ICC") reassigned Torres from his assignment in the Commissary to a job in the Building Sanitation Unit. Torres was reassigned at the request of Lieutenant Herb Eigenrauch after Torres was involved in stealing items from the Commissary.

Torres questioned his removal from the Commissary job and filed an inmate grievance seeking reinstatement to that job post. The prison administrator advised Torres that he was removed from his Commissary duties because he was "caught stealing and out of place." The administrator warned Torres he would face disciplinary charges rather than just a job reassignment for future transgressions of the prison's rules.

In October 2019, Torres appealed the administrator's decision. In his appeal, Torres claimed the job reassignment was retaliatory and unjustified because he did not receive a formal disciplinary charge.

2

On February 6, 2020, the prison administrator upheld the initial decision because Torres was stealing items from the Commissary. The administrator noted that issuance of a formal disciplinary infraction was not required because Lieutenant Eigenrauch referred Torres to the ICC for a new job.

On appeal, Torres argues the DOC's change in his work assignment was arbitrary, capricious, and retaliatory and therefore violated his First Amendment rights. We disagree.

Our review of an agency determination is limited. In re Stallworth, 208 N.J. 182, 194 (2011). We will not reverse an administrative agency's decision unless it is "arbitrary, capricious, or unreasonable, or [] not supported by substantial credible evidence in the record as a whole." Ibid. (omission in original) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980)). The "final determination of an administrative agency . . . is entitled to substantial deference." In re Eastwick Coll. LPN-to-RN Bridge Program, 225 N.J. 533, 541 (2016) (citing Univ. Cottage Club of Princeton N.J. Corp. v. N.J. Dep't of Envtl. Prot., 191 N.J. 38, 48 (2007)).

Further, inmates do not possess a liberty or property interest in a job assignment. Lorusso v. Pinchak, 305 N.J. Super. 117, 119 (App. Div. 1997). (citing James v. Quinlan, 866 F.2d 627, 629 (3d Cir. 1989)). "[I]nmates entering

prison have no concrete expectation of being given a job assignment." Ibid. While inmates may believe the DOC will not change work assignments absent misconduct, "because of the unique circumstances that attend the administration of prisons, reasonable assumptions of inmates cannot always be equated with constitutionally-protected liberty interests." Jenkins v. Fauver, 108 N.J. 239, 253 (1987).

Here, Torres claimed the reassignment was unrelated to the stealing accusation. He contends the reassignment was based on his questioning a prison officer's authority. However, Torres has no constitutionally enforceable right to a particular work assignment. Work assignments are within the DOC's sound discretion. The decision to reassign Torres to a different position did not deprive him of a fundamental liberty or property interest. In fact, the job reassignment was a less severe punishment than the possible sanctions that could have been imposed had Torres been charged with a disciplinary infraction for stealing.

We next consider Torres' argument that his job change violated his First Amendment rights because it was retaliatory. The incident giving rise to Torres' retaliation claim was not presented as part of his filed grievance. Moreover, there is nothing in the record supporting this allegation.

A-3329-19

Having reviewed the record, we are satisfied the decision to reassign Torres did not deprive him of any fundamental liberty or property interest. Under the circumstances, the DOC's final decision was not arbitrary, capricious, or unreasonable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3329-19