**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3744-21

EDARIEL MELENDEZ,

    Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____

Submitted November 28, 2023 – Decided December 8, 2023

Before Judges Mayer and Paganelli.

On appeal from the New Jersey Department of Corrections.

Edariel Melendez, appellant pro se.

Matthew J. Platkin, Attorney General, attorney for respondent (Donna Sue Arons, Assistant Attorney General, of counsel; Christopher Josephson, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Edariel Melendez, an inmate at New Jersey State Prison, appeals from a July 7, 2022 final agency decision issued by respondent New Jersey Department of Corrections (DOC) affirming modifications to his prison housing and work assignments. We affirm.

On January 6, 2021, Melendez was assigned to a cell located in the North Compound of New Jersey State Prison. On February 24, 2021, he was assigned to work as a North Compound Maintenance Painter.[1]

On August 25, 2021, Melendez's housing assignment was relocated to the West Compound at the prison. As a result of this housing relocation, Melendez's work assignment changed to West Compound Cell Sanitation. Two months later, Melendez was reassigned from West Compound Cell Sanitation to West Compound Inside Sanitation.

On March 23, 2022, at his request, Melendez's housing assignment was changed, and he returned to housing in the North Compound. Based on the change in housing assignment, Melendez's work assignment was changed to North Compound Inside Sanitation.

---

[1] From February 23 until March 4, 2021, Melendez was temporarily relocated to the South Compound. He had no work assignment during this time period.

A-3744-21

On May 21, 2022, Melendez's housing assignment was again changed to the West Compound. As a result of this change, Melendez's work assignment changed to West Compound Cell Sanitation.

Based on this change in housing and work assignments, Melendez filed an Inmate Inquiry form. As part of his inquiry, Melendez questioned his change in work assignment. He alleged his "due process rights were violated when [he] was arbitrarily and capriciously fired from [his] institutional job as [a] [N]orth [C]ompound [I]nside [S]an[itation] worker." Melendez requested reinstatement to his prior work assignment in North Compound Inside Sanitation.

Because he claimed he never received a response to this inquiry, on June 8, 2022, Melendez filed an Inmate Grievance form. In this submission, Melendez stated the following:

> [I'm] writing . . . with regards to [my] not getting a response to my . . . inquiry dated 5-23-22. Simply put, [I] want to know what [I] did to have my job terminated and housing unit changed. Again[,] [I] am requesting to be reinstated to my job and housing assignment. I am requesting back pay and work credits. In the case at hand, the D.O.C. decision does not conform with relevant law, the decision is not supported by substantial credible evidence in the record, and when applying the law to the facts, the D.O.C. clearly erred in reaching [its] conclusion.

3

A-3744-21

On June 14, 2022, Lieutenant Michael Crawford, an officer at New Jersey State Prison, responded to Melendez's initial Inmate Inquiry. The Lieutenant advised Melendez was "moved from [the North Compound] based on institutional needs [and] therefore . . . [was] ineligible for [the prior] job and [was] laid[-]in and given a new position."

On July 6, 2022, a prison staff member responded to Melendez's Inmate Grievance. The staff member advised: "Housing assignments are made based upon the needs of the institution. As advised by Lt. Crawford, your housing change made you ineligible for the detail you were assigned to. You may submit a request for job change to be considered by the classification committee."

Melendez appealed the decision, asserting "the conduct that is the subject matter of [his] grievance was arbitrary and capricious and taken in bad faith." He claimed his reassignment was retaliatory and unjustified because he was not charged with a disciplinary infraction.

In a July 7, 2022 decision, the DOC upheld the initial decision and advised Melendez that "the answer provided by staff [was] suffic[ient]."

On appeal, Melendez raises the following argument:

> APPELLANT'S DUE PROCESS RIGHTS, AS STATED IN TITLE 10A:13-4.2(e) WERE VIOLATED WHEN APPELLANT WAS FIRED FROM HIS PRISON JOB AND MOVED TO ANOTHER AREA

OF THE PRISON WITHOUT WARNING, OR STATED JUSTIFICATION. HIS REQUESTS TO BE REINSTATED TO HIS JOB, RELOCATED BACK TO HIS ORIGINAL CELL, AND GIVEN BACK PAY HAVE NOT BEEN ADDRESSED.

Our scope of review of an agency decision is limited. In re Stallworth, 208 N.J. 182, 194 (2011). Reviewing courts presume the validity of the "administrative agency's exercise of its statutorily delegated responsibilities." Lavezzi v. State, 219 N.J. 163, 171 (2014) (citing City of Newark v. Natural Res. Council, Dep't of Envtl. Prot., 82 N.J. 530, 539 (1980)). "We defer to an agency decision and do not reverse unless it is arbitrary, capricious[,] or unreasonable or not supported by substantial credible evidence in the record." Jenkins v. N.J. Dep't of Corr., 412 N.J. Super. 243, 259 (App. Div. 2010) (citing Bailey v. Bd. of Rev., 339 N.J. Super. 29, 33 (App. Div. 2001)).

In determining whether an agency action is arbitrary, capricious, or unreasonable, we consider whether: (1) the agency followed the law; (2) substantial evidence supports the findings; and (3) the agency "clearly erred" in "applying the legislative policies to the facts." In re Carter, 191 N.J. 474, 482-83 (2007) (quoting Mazza v. Bd. of Trs., Police & Firemen's Ret. Sys., 143 N.J. 22, 25 (1995)). "'Substantial evidence' means 'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Figueroa v. N.J. Dep't

A-3744-21

of Corr., 414 N.J. Super. 186, 192 (App. Div. 2010) (quoting In re Pub. Serv. Elec. & Gas Co., 35 N.J. 358, 376 (1961)).

Inmates do not possess a liberty or property interest in job assignments. Lorusso v. Pinchak, 305 N.J. Super. 117, 119 (App. Div. 1997) (citing James v. Quinlan, 866 F.2d 627, 629 (3d Cir. 1989)). "[I]nmates entering prison have no concrete expectation of being given a job assignment." Ibid. While inmates may believe the DOC will not change work assignments absent misconduct, "because of the unique circumstances that attend the administration of prisons, reasonable assumptions of inmates cannot always be equated with constitutionally-protected liberty interests." Jenkins v. Fauver, 108 N.J. 239, 253 (1987).

Nor do inmates have a due process right to a particular housing assignment within a prison facility. Consistent with the United States Supreme Court's decision in Meachum v. Fano, 427 U.S. 215, 224-25 (1976), there is no violation of an inmate's right to due process even where an inmate is transferred from one prison facility to another prison facility with a more restrictive confinement policy. Applying this principle, Melendez's transfer to another housing unit within New Jersey State Prison did not constitute a violation of his right to due process.

6

Additionally, Melendez asserted his housing and work reassignments were retaliatory. However, there is nothing in the record supporting any retaliatory conduct by officials at New Jersey State Prison. Nor does Melendez assert any specific instances of claimed retaliation.

Consistent with applicable case law,[2] Melendez has no constitutionally enforceable right to a particular work or housing assignment. The DOC has discretion in the assignment of housing and work for inmates. The decision to reassign Melendez to a different job position and housing location did not deprive him of a fundamental liberty or property interest.

Having reviewed the record, we are satisfied the DOC's decision modifying Melendez's prison housing and work assignments did not deprive him of any fundamental liberty or property interest. We are satisfied the DOC's final decision was not arbitrary, capricious, or unreasonable.

To the extent we have not addressed any remaining arguments, we conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(D) and (E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2] Melendez cited an unpublished Appellate Division decision in support of his arguments on appeal. However, Rule 1:36-3 provides "[n]o unpublished opinion shall constitute precedent or be binding on any court."

A-3744-21